The opinion of the Court was delivered by
O’Neall, J.
The case of Watson vs. Hill, 1 Strob. 78, decided, that where a defendant trespasses upon the land of a plaintiff who may be in possession, the latter has an election to sue either in trespass to try title, or in trespass quare clausum fregit. For the reasoning whereby that conclusion was attained, I refer to the opinion delivered by myself, Dec. 1846; it will, I think, when, deliberately considered, be satisfactory to all w-ho are in search of truth.
This shows, that even a casual trespasser may he sued by any one having title, in trespass to try title, or in trespass quare clausum fregit. For the title draws the possession to it, and either action may be sustained. This being so, it must much more follow, that where one takes possession of land and holds it for years, and then glides out of possession, he is liable to be sued by the owner Until the Statute will protect him.
In this case the defendant by his tenant Butler, took possession of the Sumter grant in 1842 or 1843, and kept it for six or seven years, when he vacated it, and soon after his son *19 Pinckney is found in possession. Without saying that a jury might have inferred this to be a continuation of the defendant’s possession, it is sufficient to say, that the plaintiffs having shown the defendant to be a trespasser within their close, within the last ten years before suit brought, they are entitled to recover against him the land, and such damages as the jury may think them entitled to, unless the defendant can protect himself by a paramount title, in himself, or others.
There is no hardship in this, for if he has been an accidental trespasser, he can avoid the consequences of further resisting the plaintiff’s title, by disclaiming title, tendering the damages and costs.
But, if he does not choose to do this, and rests on the general issue plea, he then places himself in this condition, 1st, that he denies, that he did within ten years before suit brought, commit the trespass, or 2d, if he did enter on and possess the land, that then he was not a trespasser, inasmuch, as he had a good and sufficient title to the land.
In this case, the defendant went to trial under the general issue, it was proved that from 1842 or 1843, for six or seven years, he had been in possession of the plaintiffs’ close; that falsified his plea, and the plaintiffs ought to have gone to the jury.
The survey made 'by McWillie of all these separate grants of land for General Sumter, the grantor of the plaintiffs’ ancestor, fifty years ago, with every evidence of possession for ten years within its limits, would have been sufficient evidence of title to have put the defendant on proof of his title paramount thereto. It is said there is no proof of such possession. That was unquestionably the case below, but the plaintiffs may be more fortunate on another occasion, and thus right may be brought about.
The motion to set aside the nonsuit is granted.
Wardlaw, Withers and Glover, JJ., concurred.